# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAKENIA MAHDI, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 4:19CV183 HEA |
| JULIAN BUSH, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 7]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Procedural Background

This action was filed February 5, 2019 alleging Defendants Julian Bush, Lyda Krewson, and John W. Hayden, Jr. violated Plaintiff's First, Fourth, and Fourteenth Amendment rights. Plaintiff claims officers of the St. Louis Metropolitan Police Department arrested her and charged her with resisting arrest. She further contends that she was forced to sign a civil liability release agreement

by a prosecutor in the City Counselor's Office. The release agreement was allegedly in exchange for a reduction of the resisting arrest charge.

Plaintiff's Complaint asserts three claims: deprivation of rights to petition the courts in violation of the First Amendment pursuant to 42 U.S.C. § 1983 against all defendants on behalf of a putative class (Count I); declaratory judgment to void the blanket release contracts based on a violation of public policy against all defendants on behalf of the putative class (Count II); and deprivation of civil rights in violation of the Fourth and Fourteenth Amendments against Defendant Hayden on behalf of Plaintiff Mahdi individually. The Complaint names Defendant Bush in his individual and official capacities. Defendants Krewson and Hayden are sued in their official capacities only. Plaintiff voluntarily dismissed Defendant Bush in his individual capacity on August 1, 2019, as a result, all defendants are now sued in their official capacities only.[1]

On November 14, 2019, this matter was consolidated with *White v. City of St. Louis, et al.,* No. 4:18-cv-518 SRC, *Scruggs v. City of St. Louis, et al.*, No. 4:19-cv-00948 RWS, and *Ball-Bey v. Chandler, et al.*, No. 4:18-cv-01364 SPM

---

[1] Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of St. Louis. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (official-capacity suit against municipal official is suit against municipality; *Sours v. Karr*, No. 18-2814, 2019 WL 6704668, at *1 (8th Cir. Dec. 10, 2019).

[Doc. No. 21]. After consolidation, Judge Clark entered a Memorandum and Order in the instant case. Judge Clark dismissed Count III of Plaintiff's Complaint against John W. Hayden, Jr. in his official capacity. Judge Clark then unconsolidated these cases.

In his Memorandum and Order, Judge Clark set out the background, standard of review, and Plaintiff's allegations. The Court will reiterate the alleged facts that are applicable to this motion.

## Discussion

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

The Constitution protects every citizen's right to seek redress in the courts. *Christopher v. Harbury,* 536 U.S. 403, 413–15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). "This right applies not only to the actual denial of access to the courts, but also to situations in which the plaintiff has been denied meaningful access by some impediment put up by the defendant." *Scheeler v. City of St. Cloud,* 402 F.3d 826, 830 (8th Cir.2005). Section 1983 provides a remedy for an individual who has been denied access to the courts. *Id.*

To establish a claim that a government official violated the plaintiff's constitutional right to access the courts, the plaintiff must make three showings. First, the plaintiff must have a viable cause of action that she could have raised but

4

for the government official's obstructive actions. *Harbury,* 536 U.S. at 415–16. Second, a state actor must have obstructed the plaintiff from meaningfully accessing the courts. *Id.* at 413–14. Third, the state actor must have acted recklessly or intentionally. *Scheeler,* 402 F.3d at 830–31.

To proceed with an access-to-the-courts claim, Plaintiff must explain how she was "actually injured" with regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Harbury*, 536 U.S. at 413. A plaintiff alleging denial of access to the courts must "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued," and then prove the claim. *Harbury,* 536 U.S. at 417–18.

As this case now stands, the only claims remaining are Counts I and II, as Count III has been dismissed. These claims are brought against the City of St. Louis.[2] Plaintiff claims within the allegations of her Complaint that she has been subjected to numerous civil rights violations, however, it appears that the only "underlying" claim Plaintiff alleges to support her denial of access to the court claim is the excessive force claim against the City, which does not appear to be a viable claim at this time since it has been dismissed by Judge Clark in his November 14, 2019 Memorandum and Order.

---

[2] See, *supra*, footnote 1.

While it may be that Plaintiff could state various viable underlying claims to support her denial of meaningful access to the courts in violation of the First Amendment claim, the Complaint currently before the Court fails to do so.  For example, If Plaintiff is relying on the excessive force claim as a viable underlying legal claim, Plaintiff fails to identify any specific state actors who allegedly violated her civil rights through excessive force, which may give rise to a viable Section 1983 cause of action. Additionally, Plaintiff failed to state a municipal policy and/or practice which was the moving force behind the alleged excessive force, *i.e.* a direct causal link between a municipal policy and the alleged constitutional deprivation, as found by Judge Clark, which may have given rise to a municipal claim.  Likewise, Plaintiff alleges no state law claims which could set out viable underlying claims.  Under Rule 8 Federal Rules of Civil Procedure, Plaintiff is required to set forth a short and plain statement of the claims showing that she is entitled to relief.  Count I will be dismissed.

As to Count II, Plaintiff's claim for declaratory and injunctive relief must be dismissed.  Count II necessarily relies upon  Count I, arguing that the policies identified in Count I are void as against public policy.  Because Count I is subject to dismissal, Count II must be dismissed as well.

**Conclusion**

In her response to the Motion to Dismiss, Plaintiff states that she "seeks leave to file a full count complaint…" While the Court is unclear as to the meaning of this statement, Plaintiff will be given leave to file an amended complaint. The Court admonishes Plaintiff to adhere to the pleading requirements articulated herein, and to further pay particular attention to the requirements of Rules 8, 12, and 23 (in the event Plaintiff seeks to attempt to plead a class action) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this order to file an Amended Complaint.

Dated this 17th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE