**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAKENIA MAHDI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 4:19CV183 HEA** |
| | ) | |
| **JULIAN BUSH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants City of St. Louis ("City"), pled as Mayor Lyda Krewson; Police Commissioner John Hayden; City Counselor Julian Bush; Attorney Manager Craig Higgins; and Police Officer Steven Korte in their official capacities'[1] Motion to Dismiss, [Doc. No. 34].  Plaintiff opposes the Motion.  For the reasons set forth below, the Motion is granted.

### Facts and Procedural Background

Plaintiff's First Amended Complaint is brought against the City of St. Louis as  Lyda Krewson, John W. Hayden, City Counselor Julian Bush, Attorney

---

[1] Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of St. Louis. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (official-capacity suit against municipal official is suit against municipality; *Sours v. Karr*, No. 18-2814, 2019 WL 6704668, at *1 (8th Cir. Dec. 10, 2019).

Manager Craig Higgins, and Police Officer Steven Korte, in their official capacities. Defendants Higgins and Korte are also sued in their individual capacities.

Plaintiff's First Amended Complaint asserts eight claims: abuse of process (Count I) deprivation of rights to petition the courts in violation of the First Amendment (Count II); failure to provide medical care in violation of the Eighth and Fourteenth Amendments (Count III); declaratory judgment to void the blanket release contracts based on a violation of public policy (Count IV); unlawful search and seizure against City and Korte (Count V); excessive force by City and Korte during Plaintiff's arrest (Count VI); and Spoliation of Evidence (Count VII).

On November 14, 2019, this matter was consolidated with *White v. City of St. Louis, et al.,* No. 4:18-cv-518 SRC, *Scruggs v. City of St. Louis, et al.*, No. 4:19-cv-00948 RWS, and *Ball-Bey v. Chandler, et al.*, No. 4:18-cv-01364 SPM [Doc. No. 21]. After consolidation, Judge Clark entered a Memorandum and Order in the instant case.  Judge Clark dismissed Count III of Plaintiff's Complaint against John W. Hayden, Jr. in his official capacity.  Judge Clark then unconsolidated these cases.

Plaintiff filed her First Amended Complaint after this Court dismissed her Complaint.

**Discussion**

2

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable

3

expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

## Count I

Defendants move to dismiss Count I as barred by sovereign immunity. While Plaintiff argues that Count I sufficiently sets forth a claim, the allegations fail to sufficiently allege a valid waiver.

> "'Under the doctrine of sovereign immunity, public entities are immune from suit for their negligent acts unless the General Assembly has expressly waived such immunity.' " *Phelps v. City of Kansas City,* 371 S.W.3d 909, 912 (Mo.App.W.D.2012) (quoting *Kraus v. Hy–Vee, Inc.,* 147 S.W.3d 907, 914 (Mo.App.W.D.2004)). The General Assembly has expressly waived sovereign immunity where a person sustains injuries either: (1) "directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment" or (2) "caused by [a dangerous] condition of a public entity's property." § 537.600.1(1)–(2). The General Assembly has further waived sovereign immunity where a public entity has purchased liability insurance, but the waiver applies only up to "the maximum amount of and only for the purposes covered by such policy of insurance." § 537.610.1. Apart from these express waivers, "sovereign or governmental tort immunity as [it] existed at common law in this state prior to September 12, 1977, ... remain[s] in full force and effect." § 537.600.1.
>
> Under the common law, a municipality is not entitled to full sovereign immunity. *Kunzie v. City of Olivette,* 184 S.W.3d 570, 574 (Mo. banc 2006). Because municipalities operate as both political subdivisions of the state and independent corporations, they perform both governmental and non-governmental functions. *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d 260, 267 (Mo. banc 1979). And because sovereign immunity protects the state, as a sovereign, municipalities are cloaked with immunity only when acting as an arm of the state. Thus, "unlike state entities which receive full sovereign immunity, municipalities are entitled to sovereign immunity only when engaged in 'governmental' functions, but not 'proprietary' functions." *Richardson v. City of St. Louis,*

293 S.W.3d 133, 136–37 (Mo.App.E.D.2009). "The distinction between the
governmental and proprietary functions of municipalities was drawn by the
courts in order to impose common law liability on municipal corporations
for the negligence of their agents, servants or officers in the execution of
*corporate* powers and duties." *State ex rel. Askew v. Kopp,* 330 S.W.2d 882,
890 (Mo.1960) (emphasis added).

*Crouch v. City of Kansas City*, 444 S.W.3d 517, 521–22 (Mo. Ct. App. 2014)

(footnotes omitted).

While Plaintiff argues in her opposition that the insurance exception applies,

the First Amended Complaint fails to so delineate such a waiver.

The City also argues that established law recognizes release-dismissal

agreements by prosecutors are valid and enforceable, *Newton v. Rumery*, 480 U.S.

386, 419 (1987), therefore, cannot allege an abuse of process through the "rec" and

"normal" policies.  Plaintiff, however, is not challenging case by case release

dismissal agreements, rather she challenges the *blanket* use of the release

agreements.

**Counts II and IV**

Counts II and IV seek injunctive relief. Specifically, Plaintiff seeks to enjoin

Defendants from continuing to utilize the rec and normal procedures.  The City

argues these counts must be dismissed for failure to sufficiently allege the

requirements for the requested injunctive relief.

 In order for a court consider whether to issue an injunction, it must consider

(1) the threat of irreparable harm to the moving party; (2) the balance between this

harm and the injury that granting the injunction would inflict on the non-moving party; (3) the moving party's likelihood of success on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

"Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC,* 563 F.3d 312, 319 (8th Cir. 2009). Speculative injury is insufficient to justify a preliminary injunction. *Novus Franchising, Inc. v. Dawson,* 725 F.3d 885, 894-95 (8th Cir. 2013); *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.,* 182 F.3d 598, 603 (8th Cir. 1999).

Plaintiff's First Amended Complaint is silent as to the requirements for the issuance of the extraordinary remedy of injunctive relief. Defendants argue that Plaintiff cannot demonstrate any cognizable harm since she has filed this action, thereby establishing that her access to the courts has not been affected. Likewise, Plaintiff has not set forth any concrete harm which continues. Vague, unspecified feelings do not apprise Defendant of any ongoing irreparable harm

**Counts III**

Plaintiff attempts to state a claim for failure to provide medical care while she was in custody. Plaintiff claims her breasts became engorged with breast milk and she was not allowed to express the milk. This count, however, fails to set forth a policy, practice, or custom of the City so as to overcome the *respondeat superior*

bar to municipal liability.  Without alleging such a policy, practice, or custom, Plaintiff's claim fails.

**Counts V and VI**

The City argues that Counts V and VI fail to set forth a causal connection between Plaintiff's arrest and the alleged policies and practices.  The Court agrees. Nowhere in Plaintiff's First Amended Complaint does she claim that Korte was aware of and arrested Plaintiff based on the alleged policies/practices.  Such a leap by Plaintiff fails to satisfy the requirements of Rule 12(b)(6).

Defendant argues Plaintiff has insufficient allegations, in accordance with Judge Clark's Opinion, to plausibly plead a pattern of misconduct.  Plaintiff's allegations set forth a number of instances wherein she claims the pattern is established.  While Plaintiff attempt to delineate a pattern through the various instances, Plaintiff should be mindful of the requirements of Rule 12(b)(6) in her pleadings.

**Conclusion**

Based upon the foregoing analysis, the motion by the City is well taken. Plaintiff's First Amended Complaint fails to satisfy the requirements of Rule 12(b)(6) with respect to Counts I though VI.  Plaintiff will be given leave to file an amended complaint.  The Court admonishes Plaintiff to adhere to the pleading

requirements articulated herein, and to further pay particular attention to the requirements of Rules 8 and 12.

Currently pending are motions to dismiss filed by Defendants Higgins and Korte.  Plaintiff has indicated that she will dismiss certain counts as to Defendant Korte.  In light of this opinion and Plaintiff's indication, these motions to dismiss will be denied as moot, without prejudice to Defendants notifying the Court that they stand on their motions as to a Second Amended Complaint, if Plaintiff fails to change the claims against them.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 34], is **granted**.

**IT IS FUTHER ORDERED** that Defendants Higgins and Korte's Motions to Dismiss, [Doc. No.'s 46 and 49] are denied as moot, without prejudice to refiling as to a Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this order to file an Amended Complaint.

Dated this 31st day of July,  2020.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE